**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILLS POND GROUP LLC, "XYZ, INC.", WENDY SORRO, MARY GIORDANO, SALVATORE GIORDANO, GEORGE POWERS, PATRICIA F. PELLETIER, GRACE PATANE, "JOHN DOE" and "JANE DOE" NOS. 9 THROUGH 97, | **Civil Action No.**: CV-24-1859 |
| *Plaintiffs*, | |
| v. | **JURY TRIAL DEMANDED** |
| TOWN OF SMITHTOWN, NEW YORK, EDWARD R. WEHRHEIM, AS TOWN SUPERVISOR AND A MEMBER OF THE TOWN BOARD OF THE TOWN OF SMITHTOWN, THOMAS J. MCCARTHY, LYNNE C. NOWICK, LISA M. INZERILLO and THOMAS W. LOHMANN AS MEMBERS OF THE TOWN BOARD OF THE TOWN OF SMITHTOWN, PETER A. HANS AS PLANNING DIRECTOR OF THE TOWN OF SMITHTOWN, MATTHEW V. JAKUBOWSKI AS TOWN ATTORNEY OF THE TOWN OF SMITHTOWN, and DAVID A. BARNES AS DIRECTOR OF THE DEPARTMENT OF ENVIRONMENT & WATERWAYS OF THE TOWN OF SMITHTOWN, | |
| *Defendant*s. | |

**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

Plaintiffs, by their undersigned attorneys, as and for their Complaint against the Defendants, hereby state and allege as follows:

1.      Plaintiffs, Mills Pond Group LLC ("Mills Pond"), XYZ, Inc., Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, "John Doe" and "Jane Doe" Nos. 9 through 97 (collectively "Plaintiffs") bring this Complaint against the Defendants for, *inter alia*, declaratory and injunctive relief to enjoin the enforcement of Local Law #08-2023 amending Chapter 322 of the Smithtown Town Code related to Special Exception

Uses, enacted by the Town of Smithtown ("Town"), in violation of Plaintiffs' Constitutional, statutory and other rights as more fully described herein, at the eleventh-hour specifically to kowtow to the community residents negative reaction and opposition to Mills Pond's pending application for a special exception permit to construct and operate an assisted living residence in a residential zoning district within the Town.

### THE PARTIES

2.      Plaintiff, Mills Pond Group LLC, is a limited liability company organized under the laws of the State of New York and doing business in the State of New York.

3.      Plaintiff, "XYZ, Inc.," is a licensed home health care services agency/assisted living provider to be created and intended to represent the operator of Whisper Mills Assisted Living at the Saint James facility to be located on Mills Pond Road in the Town of Smithtown, New York.

4.       Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane are senior, elderly and/or disabled individuals, within the meaning of (1) the Fair Housing Act (42 U.S.C. § 3601 et seq.); (2) the Americans with Disabilities Act (42 U.S.C. §11201, et. seq.); (3) the Due Process Clause of the United States Constitution; and (4) the Equal Protection Clause of the United States Constitution and the New York State Constitution, residing within the State of New York, and are intended future residents of the Whisper Mills Assisted Living at St. James facility proposed to be located on Mills Pond Road in the Town of Smithtown, New York,

5.      Plaintiffs, "John Doe" and "Jane Doe" Nos. 9 through 97, are unidentified persons, the names being fictitious but are intended to represent other future residents of Whisper Mills

Assisted Living at St. James facility proposed to be located on Mills Pond Road in the Town of Smithtown, New York.

6.      Defendant, the Town of Smithtown, New York ("Town") is a municipal corporation organized and existing, pursuant to the laws of the State of New York, which maintains its office and principal place of business at 99 W. Main Street, Smithtown, New York and which, at all times hereafter mentioned, acted under color of State law.

7.      At all times hereafter mentioned, Defendant Edward R. Wehrheim was and is the Town Supervisor and a member of the Town Board of the Town of Smithtown ("Town Board"). In this capacity, Wehrheim, acted as the Chief Executive Officer of the Town and acted under color of State law.

8.      At all times hereafter mentioned, Defendant, Thomas J. McCarthy, was and is a member of the Town Board and acted under color of State law.

9.      At all times hereafter mentioned, Defendant, Lynne C. Nowick, was and is a member of the Town Board and acted under color of State law.

10.      At all times hereafter mentioned, Defendant, Lisa M. Inzerillo, was and is a member of the Town Board and acted under color of State law.

11.      At all times hereafter mentioned, Defendant, Thomas W. Lohmann, was and is a member of the Town Board and acted under color of State law.

12.      At all times hereafter, Defendant, Peter A. Hans, was and is the Planning Director of the Town and acted under color of State law.

13.      At all times hereafter, Defendant Matthew V. Jakubowski was and is Town Attorney of the Town and acted under color of State law.

14.     At all times hereafter, Defendant David A. Barnes was and is the Director of the Department of Environment & Waterways of the Town and acted under color of State law.

## JURISDICTION AND VENUE

15.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 42 U.S.C. § 1983, 42 U.S.C. § 3614 and 42 U.S.C. § 12101.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3).

17.     By this action, Plaintiffs seek a final Order and Judgment declaring that the Local Law No. 08-2023 enacted by the Town Board on April 20, 2023, which eliminated assisted living facilities as a special use permit (a/k/a "Special Exception") in all residential districts and limited such use to the commercial, industrial and "CF" zones ("Local Law"), is null, void, unenforceable and of no further force and effect, since the Local Law was enacted in violation of Plaintiffs' rights, pursuant to the (1) Fair Housing Act (42 U.S.C. § 3601, et seq.); (2) the Americans with Disabilities Act (42 U.S.C. §11201, et. seq.); (3) the Due Process Clause of the United States Constitution; (4) the Equal Protection Clause of the United States Constitution and the New York State Constitution; and (5) Plaintiffs' supplemental rights under New York State substantive law including, but not limited to, the: (i) New York State Environmental Quality Review Act (Article 8 of the Environmental Conversation Law) and the regulations promulgated thereunder (6 NYCRR §617.1 et seq.); and (ii) the New York State Open Meetings Law (Public Officers Law §100 et. seq.).

## FACTUAL BACKGROUND

18.     At all times hereafter mentioned, Plaintiff Mills Pond Group LLC ("Mills Pond") is a New York State limited liability company which develops assisted living residences.  Mills Pond reviews land use regulations, conducts studies and investigations, contracts for the

acquisition, either by purchase or by lease, of real property and applies for and obtains land use approvals for assisted living facilities to be operated by "XYZ, Inc."

19.    Assisted living residences are congregate residential housing with supportive services for the disabled in a home-like setting.  In New York State, an assisted living provider:

> [P]rovides or arranges for housing, on-site monitoring, and personal care services and/or home care services (either directly or indirectly), in a home-like setting to five or more adult residents unrelated to the assisted living provider. An applicant for licensure as assisted living that has been approved in accordance with the provisions of this article must also provide daily food service, twenty-four hour on-site monitoring, case management services, and the development of an individualized service plan for each resident . . . .

New York Public Health Law § 4651(1).

20.    Assisted living residences are permitted in the Town by special use permit, also known as a "Special Exception," and for decades, until the action complained of in these pleadings (as shall be illustrated), were permitted by Special Exception in all residential zoning districts.

21.    Mills Pond, in full compliance with the Town's zoning law, applied for a Special Exception ("Special Exception Application") to construct a 97 bed assisted living residence (the "Project") on a piece of land located on Mills Pond Road, in Saint. James (the "Parcel").  The Parcel is located in the Town and within a residential zone, pursuant to the official zoning map of the Town.

22.    Importantly, the proposed structure was and still remains buildable on the Parcel as a matter of right, without the necessity of a Special Exception or any hearing and it may, by Town law, be used as a residence on the Parcel.  It is precisely the proposed use – as an Assisted Living Residence – which requires a Special Exception Permit under the Town Code.

23.     The local neighbors, however, were strongly against the assisted living residence use (a/k/a a residence for adult persons with disabilities) on the Parcel and made their vehement opposition well known to the elected officials of the Town Board.

24.     Bowing to the community pressure over the Mills Pond's Special Exception Application, the Town hastily changed the law by outlawing assisted living residences within residential zones.  This unprecedented change in the decades-old provision of the Town's zoning law was made in direct response to Mills Pond's Special Exception Application and was enacted after Mills Pond submitted its completed application to the Town and just before Mills Pond's application was due to be heard by the Town Board.

25.     On April 20, 2023, <u>before</u> Mills Pond's Special Exception Application was scheduled for a mandatory Town Board hearing, Defendants formally adopted the proposed Local Law. The new Local Law drastically changed the zoning law by eliminating assisted living residences as a special exception use in all residential zoning districts and allowing assisted living facilities as a zoning special exception use <u>only</u> in commercial, industrial, and "CF" zoning districts.  As a result, Mills Pond would now be forced to apply for a discretionary change of zone application of the Parcel to amend the Town Zoning Map in addition to the Special Exception Application to permit the assisted living use.

26.     Ultimately, the adoption of the Local Law has left the Plaintiffs in limbo with respect to the pending zoning application, with no hope of moving forward.

27.     As such, judicial intervention is needed to rectify the harm caused to Plaintiffs by the adoption of the Local Law, which prohibits the Project from moving forward on the Parcel, unless the Defendants grant a discretionary change of zone to the Plaintiffs, which would be futile given the Defendants' demonstrated opposition to the assisted living use and the Project.

28.     The Defendants have violated Plaintiffs' rights in order to submit to strong opposition by the residents expressed both before and after a community outreach meeting which the Defendants required Mills Pond to conduct on March 2, 2023.

29.     Defendants' wrongful actions cannot be justified under any circumstances and this lawsuit is necessary to remedy these unlawful actions.

## MILLS POND'S ACQUISITION OF THE MILLS POND SITE FOR AN ASSISTED LIVING RESIDENCE

30.     On or about August 2019, Mills Pond identified the properties located at 106, 154, 158 and 160 Mills Pond Road, Saint James, New York 11780 (the "Property") and obtained a survey to develop the Parcel. The Property has a total lot area of approximately 9.1 acres and is zoned as an R43-Single Family Residence District, pursuant to the Town of Smithtown Zoning Map.

31.     Prior to August of 2019, and on or about July of 2018, Mills Pond had a verbal discussion with various Town officials regarding the development of a condominium-type residences on the Property, which would have required a discretionary change of zone. The Town verbally disapproved of the proposed condominium-type development.

32.     Thereafter, Mills Pond had a verbal discussion with Town officials about development of an assisted living residence on the Property, which would require a special use permit (a/k/a "special exception"). The Town officials verbally endorsed the proposed assisted living residence development.

33.     Relying on representations made by Town officials, on or about July 12, 2019, Mills Pond, entered into contracts with the owners of the Property to purchase the Parcel. The contracts provided that the purchase was contingent upon receiving all approvals necessary to construct an assisted living residence.

34.     On or about August 24, 2019, Mills Pond purchased the property located at 160 Mills Pond Road.  The immediate purchase was necessary to preserve that portion of the Parcel for incorporation within the Project as 160 Mills Pond Road was in foreclosure from a reverse mortgage which encumbered the same.

### MILLS POND'S APPLICATION TO THE TOWN FOR A SPECIAL USE PERMIT

35.     Prior to the submission of the Special Exception Application, in July, 2018, Mills Pond scheduled a meeting and met with the Town Supervisor, Town Attorney, various members of the Town Board and the Planning Department to discuss various aspects of the Project and to confirm and expedite the approval process with the Town.  As a result of these numerous meetings, Mills Pond agreed to a number of suggestions made by the Town officials and also eliminated the need for any zoning variance relief for the Project.

36.     On or about November 18, 2022, Mills Pond formally submitted its Special Exception Application and filing fee to the Town, seeking a Special Exception to construct the 97-bed assisted living residence Project on the Parcel to be operated by "XYZ, Inc."

37.     Upon information and belief, between November 2022 and January 2023, the Special Exception Application submitted by Mills Pond was reviewed by the Town.

38.      On or about January 12, 2023, the Town sent a certified letter to Mills Pond requesting that Mills Pond supplement its application with a detailed written explanation on how the proposed Project would comply with the general standards for the Special Exception use and that community outreach be conducted prior to the scheduling of a public hearing by the Town Board. The items requested in the Town's "supplemental" letter were not required under the law and were, therefore, *ultra vires*.

39.     The January 12, 2023 letter from the Town stated that Town Law requires a public hearing be conducted within 62 days from the date a complete application is received, but the Town was requesting all comments be addressed before a hearing was scheduled. This request was also *ultra vires*.

40.     Notwithstanding the Town's *ultra vires* requests contained in the Town's aforesaid letter, on or about January 17, 2023, an email with attachments was sent to the Town by Mills Pond, followed by a letter dated January 24, 2023, which fully addressed all the concerns regarding the Project's compliance with the Town's Special Exception requirements.

41.     On or about January 27, 2023, a meeting occurred with the Town Planning Director, Town Attorney, Deputy Supervisor, the Director of the Department of Environment and Waterways and other Town officials, to address the Town's concerns identified in the Town's January 12, 2023 letter. At this meeting it was stated multiple times, by Town officials, that the Town wanted Mills Pond to host a "community outreach meeting" and a map of property owners to be notified and meeting agenda were provided.

42.     Town Code §322-94 (D)(5)(d) requires that all residents within 200 feet of the proposed Project be notified of the time and place of the Town Board hearing of the Special Exception hearing. Notwithstanding same, the Town requested Mills Pond to double the size of the notice radius and provide letters to all residents within 400 feet of the Project of the community outreach meeting by Mills Pond. Moreover, the Town required a sign to be placed on the Parcel to further notify the surrounding residents and general public of the date, time and place of the community outreach meeting.

43.     Importantly, no community outreach meeting is required by law.

44.     Notwithstanding the foregoing, on or about February 15, 2023, Mills Pond emailed the Town Planning Director to inform him that the notice of the community outreach meeting had been sent to all residents within 400 feet of the Project for a meeting to be held on March 2, 2023.

45.     On March 2, 2023, the community outreach meeting was held and extensive pushback for the attendee residents regarding the Project was received.

46.     This extensive pushback was widely reported in local news outlets, such as The Smithtown News and Newsday.

47.     Following the community outreach meeting, on or about March 9, 2023, Mills Pond emailed Town Planning Director, Peter A. Hans, asking if any additional information was required in order to obtain a hearing date.  In response, the Planning Director recommended contacting Town Councilman/Deputy Supervisor, Thomas J. McCarthy, as he is the "liaison" to the Planning Department, and that Councilman McCarthy could discuss with the Supervisor as to when to schedule a hearing.

48.     Thereafter, verbal communications were had by Mills Pond with Councilman McCarthy concerning the scheduling of the mandatory hearing.

49.     On or about April 4, 2023, at the monthly Town Board meeting, the Board heard public comments from residents of the community both in support of and in opposition to the Special Exception Application.

50.     On April 20, 2023, the Town Board formally adopted the Local Law (#08-2023), which amended Chapter 322 of the Smithtown Zoning Code as it relates to Special Exception Uses which eliminated assisted living residences from all residential zones.  The minutes of the April 20, 2023 meeting stated that the amendment was made "for the reasons stated in a memorandum from David A. Barnes. Environmental Protection Director, dated April 14, 2023."

51.     The April 20, 2023 Memorandum stated that a State Environmental Quality Review Act (SEQRA) Negative Declaration, Determination of Non-significance be recommended regarding the Local Law because the proposed modification to eliminate the assisted living facility use within residential districts was "intended to mitigate or avoid potential conflicts with neighboring residential land uses, including but not limited to potential adverse impacts upon neighborhood character, sensitive receptors, or other environmental parameters in such residential zoning district." This, notwithstanding the fact that an assisted living residence is a residence for disabled adults, which is not a commercial or industrial use.

52.     On May 2, 2023, at a Town Board meeting and during the public comment period, one resident asked the Board to confirm that the Project could no longer go forward, given the adoption of Local Law. The Town Supervisor confirmed that the Project could not go forward and the assisted living residence could not be built.

53.     On January 5, 2024, by its attorneys, Mills Pond forwarded a letter to the Town Supervisor and Members of the Town Board, requesting that the Town continue processing Mills Pond's Application under the Local Law as it existed prior to April 20, 2023, and grant Mills Pond a hearing on its Special Exception Application to build the Project.

54.     At the time of this filing, Mills Pond has not received a response to its letter dated January 5, 2024 or a hearing date, nor has a formal rejection of the Special Exception Application been received.

## COUNT I
### (VIOLATION OF THE FAIR HOUSING ACT)

55.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Prior to the enactment of the Local Law, assisted living residences were an authorized use in the "R-43" zoning district and other zoning districts in the Town, subject to the issuance of a Special Exception from the Town Board.

57. Prior to the enactment of the Local Law, based on the meetings with the Town Planning Department the plans for the Project were modified to satisfy all requirements for the issuance of a Special Exception Permit to construct and operate an assisted living residence on the Parcel.

58. Subsequent to the enactment and effective date of the Local Law, assisted living facilities are now only permitted in commercial, industrial and "CF" zoning districts with a Special Exception from the Town Board.

59. Upon information and belief, Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97, are individuals who have a physical or mental impairment which substantially limits one or more of their major life activities, or have a record of having such an impairment, or a being regarded as having such an impairment, and, as such, are handicapped individuals under the Fair Housing Act.

60. By the enactment of the Local Law and the deliberate delay and obstruction of Plaintiffs' Project, Defendants have discriminated against Mills Pond and "XYZ, Inc." in the terms, conditions or privileges of rental or purchase of a dwelling, and in the provision of services or facilities in connection with the rental of a dwelling to Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97.

61.     By the enactment of the Local Law and deliberate delay and obstruction of Plaintiffs' Project, Defendants have discriminated against Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97 in that they denied or made unavailable to Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97 a dwelling at the Mills Pond facility because of the handicap of Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97 or any person associated with Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97, including Plaintiffs, Mills Pond and "XYZ, Inc."

62.     By the enactment of the Local Law and deliberate delay and obstruction of Mills Pond's Project, Defendants have discriminated against Plaintiffs in that they refused to make reasonable accommodations in their rules, policies, practices or services when such accommodation was necessary to afford Plaintiffs equal opportunity for the use and enjoyment of a dwelling.

63.     The enactment of the Local Law and conduct of the Town Defendants coerced, intimidated, threatened or interfered with Plaintiffs in the exercise or enjoyment of their rights under the Fair Housing Act.

64.     Each of the aforesaid discriminatory acts violate the Fair Housing Act, 42 U.S.C. §3601 *et. seq.*

65.     As a result of the foregoing, Plaintiffs have been irreparably damaged and are entitled to: (a) a declaration that the Local Law and Defendants' misconduct is illegal, unenforceable and of no further force and effect; (b) a permanent injunction restraining and

enjoining Defendants from enforcing the Local Law and directing issuance of all approvals necessary for the construction of Plaintiffs' Project, and (c) an award of monetary damages and attorneys' fees.

## COUNT II
## (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 65 above as if fully set forth herein.

67.     Upon information and belief, Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97, are individuals with a physical or mental impairment that substantially limits one or more of their major life activities, or have a record of having such impairment, or are regarded as having such an impairment, and who, with or without reasonable modifications to rules, policies or practices of Defendants, would meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendants.

68.     Zoning is a rule, policy or practice of the Town, which is an eligibility requirement for the receipt of services or the participation in programs or activities provided by Defendants.

69.     By the enactment of the Local Law and deliberate delay and obstruction of Plaintiffs' Project, Defendants have excluded Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97, from participation in the services, programs or activities of the Town.

70.     As a result of the enactment of the Local Law and deliberate delay and obstruction of Plaintiffs' Project, Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97, have been denied the benefits of the services, programs and activities offered by the Town.

71.     As a result of the enactment of the Local Law and deliberate delay and obstruction of the Plaintiffs' Project, Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97 have been subjected to discrimination by Defendants by reason of their disability in violation of the Americans with Disabilities Act, 42 U.S.C. §11201 *et. seq.*

72.     Based upon the foregoing, Plaintiffs, Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97 have been irreparably damaged and are entitled to: (a) a declaration that the Local Law and Defendants' misconduct is illegal, unenforceable and of no further force and effect; (b) a permanent injunction restraining and enjoining Defendants from enforcing the Local Law and directing issuance of all approvals necessary for the construction Plaintiffs' Project; and (c) an award of monetary damages and attorneys' fees.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983
### (DENIAL OF EQUAL PROTECTION OF LAWS)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.     Upon information and belief, the Defendants have intentionally and discriminatorily enacted and enforced the Local Law against Plaintiffs and otherwise delayed and obstructed Plaintiffs' Project.

75.     There is no rational basis for the distinction between applicants for assisted living residences who or which had a public hearing before the Town Board as of the effective date of the Local Law and those applicants for assisted living residences, such as Plaintiffs, who filed all the appropriate documentation with the Town and who had not scheduled a public hearing prior to the expedited enactment of the Local Law.

15

76.      Defendants intentionally discriminated against Plaintiffs and in favor of Plaintiffs'
competitors by the unequal and discriminatory application and enforcement of applicable law
including, without limitation, the Zoning Code of the Town of Smithtown. Defendants' ongoing
discriminatory conduct includes, without limitation, the delay in assigning a public hearing date to
Plaintiffs' Project before the Town Board.

77.      The Local Law and the Defendants' aforesaid conduct is not rationally related to
any legitimate Town interest and violates Plaintiffs' Fourteenth Amendment rights to equal
protection of the laws.

78.      Based upon the foregoing, Plaintiffs' rights to equal protection of the law have
been violated and Plaintiffs are entitled to: (a) a declaration that the Local Law and Defendants'
conduct is illegal, void, unenforceable and of no force and effect; (b) a permanent injunction
enjoining the Town from enforcing and implementing the Local Law and directing issuance of all
approvals necessary for the construction of Plaintiffs' Project; and (c) an award of monetary
damages and attorneys' fees pursuant to 42 U.S.C. § 1983.

## COUNT IV - CLAIM UNDER ARTICLE 1 § 11 OF THE NEW YORK STATE CONSTITUTION
### (DENIAL OF EQUAL PROTECTION OF LAWS)

79.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in
paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80.      Upon information and belief, the Defendants have intentionally and
discriminatorily enforced and enacted the Local Law against Plaintiffs and otherwise delayed and
obstructed Plaintiffs' Project.

81.      There is no rational basis for the distinction between applicants for assisted living
residences who or which had a public hearing before the Town Board as of the effective date of

the Local Law and those applicants for assisted living facilities, such as Plaintiffs, who filed all the appropriate documentation with the Town and who had not scheduled a public hearing prior to the expedited enactment of the Local Law.

82.     Defendants thereafter intentionally discriminated against Plaintiffs and in favor of Plaintiffs' competitors by the unequal and discriminatory application and enforcement of applicable law including, without limitation, the Zoning Code of the Town of Smithtown. Defendants' ongoing discriminatory conduct includes, without limitation, the delay in assigning a public hearing date to Plaintiffs' Project before the Town Board.

83.     The Local Law and the Defendants' aforesaid conduct is not rationally related to any legitimate Town interest and violates Plaintiffs' rights to equal protection of the laws under the New York State Constitution.

84.     Based upon the foregoing, Plaintiffs' rights to equal protection of the law have been violated and Plaintiffs are entitled to: (a) a declaration that the Local Law and Defendants' conduct is illegal, void, unenforceable and of no force and effect; (b) a permanent injunction enjoining the Town of Smithtown from enforcing and implementing the Local Law and directing issuance of all approvals necessary for the construction of Plaintiffs' Project; and (c) an award of monetary damages and attorneys' fees pursuant to Article I, § 11 of the New York State Constitution.

## COUNT V - CLAIM UNDER 42 U.S.C. § 1983
## (VIOLATION OF THE DUE PROCESS CLAUSE)

85.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86.     On or about January 27, 2023, Mills Pond was informed they would be required to hold a "community outreach meeting" with the surrounding neighbors before a hearing date would be scheduled by the Town.

87.     On or about March 2, 2023, the community outreach meeting was held, and an email summary was sent to the Town, on or about March 9, 2023.

88.     There was no reasonable basis for the delay in scheduling the public hearing either before or after the  community outreach meeting, as Mills Pond had, as requested, supplied the Town with all information required by law and all other requested information and all filing fees.

89.     The enactment of the Local Law precluded Mills Pond from proceeding with its Special Exception Application for an assisted living residence to be operated by "XYZ, Inc." and to serve the needs of Plaintiffs Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97.

90.     Mills Pond had complied with all the Town requirements for the issuance of a Special Use Permit for their Project.

91.     The Plaintiffs' Project fully complied with existing zoning regulations and therefore, Plaintiffs had a legitimate expectation of entitlement to issuance of a Special Use Permit from the Defendants.

92.     Nonetheless, Defendants have intentionally delayed and obstructed Plaintiff's Project by, among other things, refusing to schedule Plaintiff's Special Exception Application for a public hearing.

93.     The Defendants' aforesaid conduct violates Plaintiffs' rights to procedural and substantive due process as secured by the Fourteenth Amendment to the United States Constitution.

94.     The Local Law is arbitrary, capricious and not rationally related to any legitimate governmental interest.

95.     Based upon the foregoing, Plaintiffs have been irreparably damaged and are entitled to: (a) a declaration that the Local Law and Defendants' misconduct is illegal, unenforceable and of no further force and effect; (b) a permanent injunction restraining and enjoining the implementation and enforcement of the Local Law and directing issuance of approvals necessary for the construction of Plaintiffs' Project; and (c) an award of monetary damages and attorneys' fees pursuant to 42 U.S.C. § 1983.

**COUNT VI - CLAIM UNDER ARTICLE I, § 6 OF THE NEW YORK CONSTITUTION (VIOLATION OF THE DUE PROCESS CLAUSE)**

96.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.     On or about January 27, 2023, Mills Pond was informed it would be required to hold a "community outreach meeting" with the surrounding neighbors before a hearing date would be scheduled by the Town.

98.     On or about March 2, 2023, the community outreach meeting was held, and an email summary was sent to the Town, on or about March 9, 2023.

99.     There was no reasonable basis for the delay in scheduling the public hearing either before or after the community outreach meeting, as Mills Pond had, as requested, supplied the Town with all information required by law and all other requested information and all filing fees.

100.    The enactment of the Local Law precluded Mills Pond from proceeding with its Special Exception Application for an assisted living residence to be operated by "XYZ, Inc." and to serve the needs of Plaintiffs Wendy Sorro, Mary Giordano, Salvatore Giordano, George Powers, Patricia F. Pelletier, Grace Patane, and "John Doe" and "Jane Doe" Nos. 9 through 97.

101.    Mills Pond had complied with all the Town requirements for the issuance of a Special Use Permit for their Project.

102.    The Plaintiffs' Project fully complied with existing zoning regulations and therefore, Plaintiffs had a legitimate expectation of entitlement to issuance of a Special Use Permit from the Defendants.

103.    Nonetheless, Defendants have intentionally delayed and obstructed Mills Pond's Project by, among other things, refusing to schedule Mills Pond's Special Exception Application for a public hearing.

104.    The Defendants' aforesaid conduct violates Plaintiffs' rights to procedural and substantive due process as secured by the Article I, § 6 of the New York State Constitution.

105.    The Local Law is arbitrary, capricious and not rationally related to any legitimate governmental interest.

106.    Based upon the foregoing, Plaintiffs have been irreparably damaged and are entitled to: (a) a declaration that the Local Law and Defendants' misconduct is illegal, unenforceable and of no further force and effect; (b) a permanent injunction restraining and enjoining the implementation and enforcement of the Local Law and directing issuance of approvals necessary for the construction of Plaintiffs' Project; and (c) an award of monetary damages and attorneys' fees pursuant to Article I, § 6 of the New York State Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1988.

### COUNT VII - LAIM FOR RELIEF
### (BAD FAITH RE-ZONING OF THE PROPERTY)

107.    Plaintiffs repeat, reiterate and re-allege each of the allegations contained in paragraphs numbered 1 through 106 with the same force and effect as if the same are fully set forth at length herein.

108.    Subsequent to the contracts entered into and the purchase of the property at 160 Mills Pond Road, Saint James, Mills Pond incurred costs, upon information and belief, in excess of $478,309.71, for environmental services, engineering services, design services, maintenance and upkeep, purchase expenses, disbursements and attorneys' fees, and other development expenses in its attempt to obtain a Special Exception to construct and operate an assisted living facility on the Parcel.

109.    Upon information and belief, Defendants delayed the Town Board public hearing on the Special Exception Application to construct an assisted living residence on the Parcel so that they could amend the Zoning Code of the Town to delete assisted living residences as a permitted use on the Parcel.

110.    Defendants knew or should have known that Mills Pond's lack of a public hearing date would result in the Project being subject to the provisions of the Local Law since Mills Pond had not had a mandatory public hearing on the application prior to the effective date of the Local Law.

111.    Defendants, by the enactment of the Local Law, knowingly, intentionally, willfully, recklessly and in bad faith amended the Zoning Code of the Town to prevent Mills Pond from constructing an assisted living facility on the Site and to prevent "XYZ, Inc." from operating an assisted living facility on the Site in violation of the Constitutional and statutory rights of Mills Pond and "XYZ, Inc."

112.    By certifying to the Department of State of the State of New York the need for immediate passage and immediate effectiveness of the Local Law, the Town acted knowingly, intentionally, willfully, recklessly and in bad faith to deny to Mills Pond and "XYZ, Inc." the rights

secured by the United States Constitution, the Fair Housing Act, and the Americans with Disabilities Act.

113.    Based upon the foregoing, Plaintiffs have been irreparably damaged and are entitled to: (a) a declaration that the Local Law is null, void, unenforceable and of no further force and effect; (b) a permanent injunction restraining and enjoining the implementation and enforcement of the Local Law and directing issuance of approvals necessary for the construction of the Plaintiffs' Project; and (c) an award of monetary damages.

## CERTIFICATION AND CLOSING

114.    Under Federal Rule of Civil Procedure 11, by signing below, the undersigned certifies to the best of her knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs demand judgment from the Court:

(a)    On Counts I through VII, as follows: (a) a declaration that the Local Law and Defendants' aforesaid misconduct is illegal, unenforceable and of no further force and effect; and (b) a permanent injunction (i) restraining and enjoining the enforcement and implementation of the Local Law; and (ii) requiring issuance by Defendants of the governmental approvals necessary for the construction of Plaintiffs' Project;

(b)     On Counts I through VII, an award of monetary damages in an amount to be ascertained by the trier of fact which, upon information and belief, will not be less than $478,309.71, together with costs and disbursements;

(c)     On Counts I through VII, an award of Plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988; and

(d)     On all Counts, such other and further relief as this Court deems just, proper and equitable.

Dated: Melville, New York
     March 13, 2024

BROWN ALTMAN & DiLEO, LLP

By:_____
Lidia Szczepanowski, Esq. (LS-2379)
*Attorneys for Plaintiffs*
538 Broadhollow Road, Suite 301
Melville, New York 11747
Telephone: 516-222-0222
Email: lszczepanowski@brownaltman.com